BOUTALL, Judge.
Plaintiffs, Douglas Hernandez and his wife Gale Hernandez, filed suit for damages sustained in an auto accident with the defendant, Betty Showalter. From a judgment awarding damages to the plaintiffs, defendants have perfected this appeal.
Appellants raise the issues of excessive and unreasonable quantum of the awards and denial of due process of defendants’ rights to full and fair cross-examination of plaintiff’s expert physician.
On October 20, 1973, Douglas and Gale Hernandez were traveling in the family auto with their three children when the Hernandez vehicle was struck by the Show-alter vehicle. The Hernandez children were not injured, but the parents received personal injuries. The plaintiffs were treated with physiotherapy treatments for several months by Dr. Emile A. Bertucci, Jr., whose reports were stipulated into evidence.
Dr. Bertucci’s examination of Douglas Hernandez revealed tenderness and muscle spasms over the left Trapezius muscle, with some restriction of motion of the left shoulder. Mr. Hernandez was later examined on March 14, 1974 by an orthopedic surgeon, Dr. Bryon Unkauf, who diagnosed the injury to be a slight tear of the rotator cuff of the shoulder and aggravation of a preexisting congenital defect in his back. Dr. Un-kauf saw him on several other occasions both for his shoulder and for back complaints.
Dr. Bertucci made the following diagnoses of Gale Hernandez’s injuries resulting from the accident:
“(1) Strain of the PV muscles in the cervical area bilaterally.
(2) Contusion to the posterior aspect of the left elbow.
(3) Acute lumbosacral strain.
(4) Contusion to the anterior aspect of the right knee.
(5) Contusions and abrasions antereola-teral ligaments of this knee.”
The problem in the cervical area and the elbow resolved uneventfully. However, the pain in the low back and the left knee continued over a long course of treatment. The doctor concluded she would always have trouble with her knee.
Dr. Unkauf saw Gale Hernandez as a patient on approximately fifteen office visits, starting in March of 1974. He found minimum residuals of the other injuries, but found definite patellofemoral crepitation of the left knee. Dr. Unkauf testified that Mrs. Hernandez might have to undergo surgery to remove the left kneecap if it didn’t heal itself; that there was a 10% disability with pain of the left leg then, and there would be a 20% disability without pain if the kneecap is removed. Mrs. Hernandez continues to suffer pain in her knee at time of trial.
Dr. Irving Redler, defendant’s orthopedic specialist, examined Mrs. Hernandez on two *1176 occasions: December of 1973 and February of 1976. His examinations revealed no residual injuries, disability, or functional impairment. Further, he found no crepitation, although on second examination he noted Mrs. Hernandez’s range of motion to be limited to 60° in the left knee.
After trial on the merits, judgment was rendered awarding Douglas Hernandez special damages and the amount of $5,000.00 for pain and suffering. Gale Hernandez was awarded $8,000.00 for pain and suffering, and $5,000,00 for disability. Appellants seek reduction of those awards.
It is well settled in our law and jurisprudence that.the assessment of damages in the cases of offenses and quasi-offenses “much discretion must be left to the judge or jury”, and to modify the amount of an award of general damages, the appellate court must find that the trial judge or jury has abused the much discretion accorded by the codal provision. L.C.C. article 1934(3); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Appellants bring our attention to other cases involving similar injuries to support their contention that the awards are excessive. Damage awards in other eases serve only as an aid in determining whether there has been an abuse of discretion in awarding damages and rivet no steel frame of uniformity. Miller v. Thomas, supra. Thus, we must view the appropriateness of the award in this case on the basis of its own facts. As the Supreme Court said in Coco v. Winston Industries, Inc., supra:
“Further, we believe that heretofore, courts of appeal have placed too much emphasis on their review of other reported cases, certainly, no two cases are ever fully alike. * * * ”
Based on the facts in this case, any reduction by us of the award granted the two plaintiffs would simply be a substitution of our opinion for that of the trial judge. We find no manifest error in the award, in view of the injuries shown to have been suffered and the wide discretion of the trial judge allowed in compensating such injuries.
Appellants also contend that the trial court erred in not allowing counsel the right to fully cross-examine plaintiff’s expert in the field of orthopedics, Dr. Unkauf. This situation came about when counsel sought to ask a question seeking a particular conclusion based on Dr. Unkauf’s finding of crepitation and Dr. Redler’s finding of no crepitation on a previous examination. The question posed was attempted to be in the nature of a hypothetical question stating, in summary, by virtue of the stated findings of Dr. Redler, and based upon Dr. Unkauf’s findings, “ * * * is it fair for this court to conclude that the condition you found in March of ’74 started due to some trauma or for some reason after December 19, 1973?” The Doctor answered that he dictated what he found in her knee and wasn’t concerned with what anyone else found. Counsel pressed for an answer, the court then stated that the witness had answered, and arguments and comments ensued.
As we see it, the question was improper as a hypothetical question, because it did not include all of the necessary facts known at that time. We especially refer to the findings of Dr. Bertucci who had been the treating physician, and who had made findings of crepitation and other difficulties with the knee. Secondly, the doctor was not asked a truly expert question, but the question, as quoted above in part, asks for the doctor to second-guess the court. This reference to the court in this question obviously brought on the exchange between counsel and the court in which the court announced that it was his function to make a determination of such a question, not the doctor’s, and the court pointed out that the proper issue was credibility of the findings of the two experts, because Dr. Redler on reexamination after Dr. Unkauf’s examination had made basically the same findings as his initial examination. Thus it was not simply a question as to whether crepitation had appeared from such other reason between examination of Dr. Redler and that of Dr. Unkauf, but whether there had been crepitation at all, because Dr. Redler found none after Dr. Unkauf’s examination.
*1177 The record does not reflect that the court prevented counsel from asking questions on cross-examination, but it reflects that the court simply told counsel to continue his questions. Counsel continued to cross examine the doctor on questions concerning crepitation and the condition of Mrs. Hernandez’ knee for a number of pages until Mr. Nelson announced “I have nothing further.” Opposing counsel similarly announced no further questions. At this point the court asked the doctor to give him an explanation “ * * * in language wherein I will understand and where no lawyer will have another shot at you, just you and I, * * * ”. The doctor then explained his definition of crepitation and his finding in relation to the patient. We cannot agree that this served to deprive counsel of the right of cross-examination. At this stage of Dr. Unkauf’s testimony both counsel had asked all of the questions to which they were entitled and had announced that they rested. The court’s questions simply went to material already fully covered by both parties, and we can see no valid reason why counsel should insist on another rehashing of the same subject that both had completely examined the doctor about. We further note that counsel made no objection to the questioning by the court, nor did he seek to ask additional questions. In any event, we agree with the trial judge that counsel had sufficient opportunity to ask all of the questions desired, and the examination of this witness was duly stopped. We find no basis for declaring that the actions of the trial judge constitute an abuse of the discretion accorded him in controlling the orderly process of the court.
For the reasons above stated, we affirm the judgment.

AFFIRMED.